## S89A0391. BRASSELL v. THE STATE.
(385 SE2d 665)

CLARKE, Presiding Justice.

Appellant Brassell brings this interlocutory appeal from the trial court's refusal to dismiss a misdemeanor charge of interference with custody under OCGA § 16-5-45. Pursuant to a judgment and decree of divorce from the Superior Court of Richmond County in 1984 Brassell's former wife was granted custody of their minor child. She moved with the child to Glynn County. While he was exercising visitation in Augusta during the weekend of December 16-18, 1988, Brassell called to ask his former wife to allow him to keep the child several extra days. She refused, and on Tuesday, December 20, 1988, she swore out a warrant against him for interference with custody in violation of OCGA § 16-5-45.

Appellant was arraigned April 27, 1989, pled not guilty, and demanded a jury trial. He moved to dismiss the charges, arguing that OCGA § 16-5-45 is unconstitutionally vague and violates equal protection. He also alleged that there was insufficient evidence to support the charge. The trial court's denial of the motion to dismiss is the basis of this appeal.

Brassell argues that he did not interfere with custody within the meaning of OCGA § 16-5-45 (b) (1) (C). Because the divorce decree provides that the father have "the right of reasonable visitation, which shall include, but not be limited to, every weekend from 6:00 p.m. Friday until 6:00 p.m. on Sunday . . ." there was not sufficient evidence that he had "intentionally and willfully [retained] possession . . . within this state of the child . . . upon the expiration of a lawful period of visitation with the child . . . ." OCGA § 16-5-45 (b) (1) (C).

Brassell also contends that the statute is facially unconstitutional and unconstitutional as applied. He insists that where the divorce decree provides for "reasonable visitation," it is unconstitutional to allow the custodial parent to unilaterally declare that visitation has been unreasonably exercised and criminally prosecute the other parent. When two extra days of visitation can be declared "unreasonable" under the statute, the statute is necessarily vague. Further, he contends the statute is an unconstitutional violation of equal protection in that it criminalizes retaining a child upon expiration of visitation but does not criminalize the similar conduct of failing to deliver the child *for* visitation. There is no rational basis for a distinction to be drawn between these two kinds of conduct.

We need not reach Brassell's arguments as to the unconstitutionality of the statute because we find that his conduct does not constitute the conduct prohibited by the statute. While this court views with great displeasure any lack of obedience to child custody or child support orders, a person may not be held culpable under a criminal statute unless the act committed by the person clearly is in violation of the law. In this instance, it appears that the visitation under the judgment and decree of divorce represents the minimum amount of visitation which the father and child shall enjoy. The use of the words ". . . shall include, but not be limited to . . ." plainly does not limit the definition of "reasonable." We hold that the defendant cannot be in violation of the statute unless the terms of the custody order are so clear that the parties have exact notice of the line which may not be transgressed. This case involves a prosecution under a criminal statute. A defendant in a criminal case must have notice of the exact conduct giving rise to the prosecution. Here it is the lack of specificity of the agreement and the decree which causes the prosecution to fail and not the vagueness or other infirmity of the statute.

Because the conduct complained of does not constitute a violation of the statute, the trial court erred in denying Brassell's motion to dismiss the charges against him.

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent.*

WELTNER, Justice, dissenting.

In my opinion, the refusal of the defendant to return the child to the custodial parent for an interval of two days after the expiration of the court-ordered visitation constituted interference with custody under the criminal statute.

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED NOVEMBER 22, 1989.

*Surrett, Walker, Creson & Colley, Edward J. Coleman III,* for appellant.
*Richard H. Taylor, Solicitor,* for appellee.