## A90A1739. SCOTT v. THE STATE.
(400 SE2d 677)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, with interfering with the custody of his minor daughter, Cheryl Michelle Scott. The case was tried before the court without a jury, but a trial transcript was not prepared. Instead, the trial court entered the following summary of

evidence:

"Cheryl Freda Scott, after being sworn, testified that she and the Defendant were formerly husband and wife but that they were divorced in the Clayton Superior Court on July 3, 1979. That custody of their minor child Cheryl Michelle Scott, was awarded to her. . . . That on December 26th, 1989, she took Cheryl Michelle Scott (the minor child) to the home of Defendant's mother and left the child there for visitation with the father, Defendant, knowing that he would take the child to Thomasville, Georgia to his home. That she expressed her desire that Defendant have the child home by 6:00 o'clock P.M. on January 1, 1990. That this visitation was not as contemplated by the Decree. That this visitation was in excess of the decree and was made pursuant to an agreement between herself and Defendant. . . . That Defendant did not have the child home by the time specified by their agreement outside the Decree. That she did not consent to defendant keeping the child beyond 1/1/90. That she received a call from the child and the father, Defendant, that they said the truck had broken down in Orlando, Florida. The father said he would get the child home . . . 'when he got the child home.' That she went to Thomasville, Georgia, and picked the child up and brought the child home.

"The Defendant testified that the child had been with him several months, was going to school in Thomasville, and that about Christmas time she told him she would like to move back to her mother's. . . . That the former wife brought the child to his mother's so he could have holiday visitation with the child. That the mother did say that it was her desire to get the child back home on January 1, 1990 at 6:00 P.M. That this visitation was in excess of that awarded by the Court in the decree of divorce. That he drives his truck as a freight carrier. That he took the child with him on a trip to Orlando, just to talk to her about the custody and other things. The truck did break down. He and his daughter did call her mother. He did tell the mother he would get the child back when they got back.

"There was no disagreement or argument when the mother showed up in Thomasville two (2) days later to pick up the child. [The] stepmother was [then] at the garage to pick up her car to return the child home, but the car again broke down on the way home from the garage and she spoke with the mother who was at her home concerning picking up the child who was with a sitter." It is from this evidence that defendant was found guilty of the offense charged. Defendant now appeals and challenges the sufficiency of the evidence. *Held*:

The Supreme Court recently stated that it "views with great displeasure any lack of obedience to child custody or child support orders, [but that] a person may not be held culpable under a criminal

statute unless the act committed by the person clearly is in violation of the law." *Brassell v. State,* 259 Ga. 590, 591 (385 SE2d 665). In the case sub judice, defendant was charged with interference with custody in that he "did knowingly or recklessly take or entice Cheryl Michelle Scott, age 14 years, away from the lawful custody of Cheryl Fincher Murphy when not being privileged to do so." See OCGA § 16-5-45 (b) (1) (A). The State argues that defendant's conviction should be affirmed if there is "any evidence" to support this charge. This argument is without merit.

"The United States Supreme Court has held the 'any evidence rule' unconstitutional in determining the question of the sufficiency of the evidence to support a conviction. The defendant is entitled to a reversal 'if it is found . . . upon the record evidence . . . (that) no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' [*Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).]" William W. Daniel's Georgia Criminal Trial Practice (1989 ed.), § 28-8, p. 739. In the case sub judice, the State failed to prove beyond a reasonable doubt that defendant is guilty of the offense charged, interference with custody, as alleged in the accusation.

The evidence shows that defendant retained possession of Cheryl Michelle Scott upon the expiration of a lawful period of visitation. See OCGA § 16-5-45 (b) (1) (C). The evidence does not authorize a finding that defendant interfered with custody as alleged in the accusation, i.e., defendant "did knowingly or recklessly take or entice Cheryl Michelle Scott, age 14 years, away from the lawful custody of Cheryl Fincher Murphy. . . ." Further, there is no direct evidence that defendant intentionally or wilfully retained the minor child beyond the authorized period of visitation. On the contrary, the undisputed evidence shows that defendant retained possession of the minor child beyond the authorized visitation period because of unavoidable vehicle breakdowns. Consequently, since there is insufficient evidence to authorize a finding of guilt under the standard of proof prescribed in *Jackson v. Virginia,* 443 U. S. 307, supra, defendant's conviction must be reversed.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1990.

*John L. Watson, Jr.,* for appellant.
*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor,* for appellee.