## A93A2261. THE STATE v. EVANS.
(442 SE2d 287)

ANDREWS, Judge.

The State appeals the trial court's dismissal of the indictment charging Evans with interference with lawful custody.

Charles and Susan Evans divorced in December 1990 and entered into an agreement regarding custody and support of and visitation with their two children. The agreement was incorporated into the final decree. Ms. Evans was given custody of the two children, with visiting rights in Mr. Evans. She lived in Morgan County, within 100 miles of his residence in Fulton County. The agreement provided, as pertinent here, that "the FATHER will be responsible for or provide for the children's transportation to his home for visitation with FATHER; for so long as she lives within one hundred (100) mile radius of the FATHER, the MOTHER shall be responsible for or provide for picking up the children at the end of visitation with the FATHER."

Mr. Evans was charged under OCGA § 16-5-45 (c) (2), which states that interstate interference with custody occurs "when the person removes a minor or committed person[1] from this state in the lawful exercise of a visitation right and, upon the expiration of the period of lawful visitation, intentionally retains possession of the minor or committed person in another state for the purpose of keeping the minor or committed person away from the individual having lawful custody of the minor or committed person. *The offense is deemed to be committed in the county to which the minor or committed person was to have been returned upon expiration of the period of lawful visitation.*" (Emphasis supplied.) The indictment specifically charged that Evans did "remove [the child] from this state in lawful exercise of a visitation right and upon the expiration of the period of lawful visitation did further intentionally retain possession of the minor in another state for the purpose of keeping the minor away from the individual having lawful custody of the minor, [the mother]."

Defendant Evans initially filed a general demurrer to the Morgan County indictment, contending that venue was properly in Fulton County since, under the terms of the agreement, that is where Ms. Evans would pick up the child, not Morgan County, the domicile of the mother and child and to which they would have eventually re-

---

[1] Defined in subsection (a) (1) as "any child . . . whose custody is entrusted to another individual by authority of law."

turned. The demurrer was converted to a motion to dismiss and the court held an evidentiary hearing.

The court heard testimony from Ms. Evans. The State and defendant Evans basically agree that the following occurred. Defendant gave notice under the agreement of his intention to exercise his two-week visitation with the child beginning July 14, 1991. Although he did not pick the child up until July 17, 1991, he did travel to Morgan County to pick her up as provided in the agreement. On July 28, 1991, the mother arrived at defendant's Fulton County address to pick up the child and found a note stating that, since visitation had not begun until July 17, the child could not be picked up until July 31. The mother returned to defendant's house on July 31, but defendant refused to turn the child over to her. Police were called but were unable to resolve the dispute because the mother did not have her court decree with her and the dates of the visitation had not been reduced to writing. As she left the premises, defendant yelled that he would take the child and "You'll never see her again." She returned with her court documents on August 1, to find both defendant and child gone. The mother continued her efforts to locate the child, then six years of age, but was unsuccessful until the child was recovered from the father after an automobile accident in Columbus, Georgia.

The court's order dismissing the indictment stated that, it being "clear that the parties expected the child to be returned by the Father to the Mother on July 31, 1991, at his residence in Fulton County as provided in the Divorce Decree. The critical venue code provision is OCGA § 16-5-45 (c) (2) [set out above]. . . . While different factual variations could result in venue in the county of residence of the custodian, the venue statute . . . clearly provides that the offense is deemed to be committed in the county to which the minor was to have been returned. This court accordingly concludes as a matter of law that venue of this criminal action lies in Fulton County. . . ."

This order assumes, without any authority cited, that the agreement of two parties can alter the terms of a legislative enactment for purposes of determining venue, i.e., by agreeing to physically pick the child up in Fulton County, the mother somehow altered the intent of the venue statute.

In OCGA § 17-2-2, the general criminal venue statute, subsection (a) provides that actions shall be tried "where the crime was committed, except as otherwise provided by law." Subsection (i) states that "[t]his Code section is cumulative and shall not supersede venue provisions found in other parts of this Code." Section 16-5-45 (c) (2) is such a provision.

Whatever the agreement might provide, the charge is that, sometime in the evening of July 31, defendant took the child, left Georgia,

and kept the child in another state after his lawful period of visitation ended at midnight on July 31.

As stated in *Stroud v. State*, 200 Ga. App. 387 (408 SE2d 175) (1991), which discussed the differences in the kidnapping and interference with custody statutes, "the offenses differ in the classification of the victim which each statute seeks to protect — . . . the lawful custodian whose custody has been interfered with in the case of interference with custody." Id. at 390. See *Sawyer v. State*, 112 Ga. App. 885, 888 (2b) (147 SE2d 60) (1966).

Assuming, without deciding, that the venue provision merited statutory interpretation, the legislature is deemed to have understood this difference and to have acted upon it. OCGA § 1-3-1. The logical conclusion is that, where a parent lawfully removes the child from the state, but unlawfully retains custody out of state, the legislature intended that the victim's domicile, i.e., the custodial parent, should be the venue of any criminal prosecution.

Here, the court also erred in making findings of fact on the venue issue, including the subjective intent of the accused. These factual issues are for the jury. *Davis v. State*, 203 Ga. App. 106 (416 SE2d 375) (1992). Even assuming that the State is unable to prove venue in Morgan County, "reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven." *Hernandez v. State*, 182 Ga. App. 797, 798 (1) (357 SE2d 131) (1987). See *Avery v. State*, 149 Ga. App. 414 (1) (254 SE2d 408) (1979).

Therefore, the dismissal of the indictment was error.

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 11, 1994.

*Joseph H. Briley, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellant.

*Guy E. Davis, Jr.*, for appellee.

