## A98A1276. CLARK v. THE STATE.
(507 SE2d 241)

McMurray, Presiding Judge.

This is an out-of-time appeal from defendant Clark's conviction of sexual battery, child molestation, and cruelty to children. The sole enumeration of error challenges the sufficiency of the evidence. *Held*:

The primary evidence presented by the prosecution consists of statements of the victim, a female child, five years of age at the time of trial and four years of age at the time of the offense. A videotaped interview of the child was introduced, as well as the testimony of various members of the child's extended family. The child's relatives testified pursuant to OCGA § 24-3-16 as to statements made by the child. The relatives, including the child's mother, grandmother, aunts, and great aunt, also described changes in the victim's behavior and demeanor during the interval of time preceding the recognition that an issue of child abuse existed.

The sexual battery conviction arose as a lesser included offense of the indicted charge of aggravated sodomy alleging that defendant had placed his mouth on the sexual organs of the victim and against her will. In the videotaped interview, the victim, using anatomically correct dolls, indicated that defendant had placed his mouth or tongue on her vagina. The conviction of sexual battery "only required proof of unconsented to intentional physical contact with the victim['s] intimate parts. . . ." *McGriff v. State*, 232 Ga. App. 546, 547 (2) (502 SE2d 482). See also OCGA § 16-6-22.1.

The child molestation conviction arose as a lesser included offense of the indicted charge of aggravated child molestation alleging an act of oral sodomy involving the sex organs of the defendant and the mouth of the victim. Again, in the videotaped interview, the victim indicated that defendant had placed his penis in her mouth.

With regard to the conviction of cruelty to children (OCGA § 16-5-70), there was ample evidence through both the videotaped statement and the testimony of the relatives that the victim experienced cruel and excessive mental pain which would authorize this conviction. This evidence included the victim's complaints of physical pain and apparent emotional distress, evidence that her vagina appeared red and irritated, the child's conduct in seeking to avoid contact with defendant, and regression in her toilet training.

Through the videotape and her statements to relatives, the victim described many sexual contacts between defendant and herself. Some of these descriptions provided the basis for other charges of which defendant was acquitted.

The child did not testify at trial, and the prosecution did not present any testimony arising from the medical examination of the child's physical condition. Defendant maintains that the evidence

concerning the child's statements is unreliable and that, in light of all the facts and circumstances including the evidence which he presented at trial, the evidence is not sufficient to authorize his conviction.

However, defendant's argument addresses issues of credibility and weight of evidence which are not within the province of an appellate court, but are issues for the jury. *Autry v. State*, 230 Ga. App. 773, 774 (1) (498 SE2d 304); *King v. State*, 224 Ga. App. 400 (1) (480 SE2d 385); *Clay v. State*, 216 Ga. App. 310, 311 (1) (454 SE2d 198). As an appellate court, we determine the sufficiency of the evidence which is ample in this case to authorize a rational trier of fact to conclude that defendant is guilty beyond a reasonable doubt of the offenses of sexual battery, child molestation, and cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Swift v. State*, 229 Ga. App. 772, 773 (1) (495 SE2d 109).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 23, 1998.

*David L. Cannon*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.