A00A1082. THOMPSON v. THE STATE.
(537 SE2d 807)

JOHNSON, Chief Judge.

After a bench trial, Joseph Thompson III was convicted of interference with child custody and sexual battery. Thompson challenges the sufficiency of the evidence to support the convictions and the admission of similar transaction evidence to prove the interference with custody charge. We agree that the evidence was insufficient to support the interference with custody conviction, and that conviction is reversed. However, the evidence was sufficient to support the sexual battery conviction, and that conviction is affirmed.

1. Under OCGA § 16-5-45 (b) (1) (A), a person commits the offense of interference with custody when, without lawful authority to do so, he knowingly or recklessly takes or entices a child away from the individual who has lawful custody of the child. OCGA § 16-5-45 (a) (1) defines "child" as an individual under the age of 17 years, and subsection (a) (3) defines "lawful custody" as, inter alia, that custody inherent in the natural parents. In the accusation, the state charged Thompson with enticing a child away from her mother, the lawful custodian.

On appeal, we view the evidence in a light most favorable to support the verdict.[1] So viewed, the evidence shows that on December 19, 1997, 15-year-old M. S. and some friends were "skipping" school and were on their way to a party at a classmate's apartment. Thomp-

[1] *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996).

son, a 26-year-old who knew M. S. from church and was a friend of M. S.'s family, saw her walking away from the school and told her to get into his car. She complied, and Thompson drove her to his apartment. Thompson tried to persuade M. S. to go inside with him, saying that he was not "going to try nothing," but she refused. Thompson then drove M. S. to another apartment complex where her friends had gathered and dropped her off.

M. S.'s mother testified that she had sole custody of her daughter. She also testified that she did not authorize Thompson to pick up M. S. from school or any other location.

The state introduced, as a similar transaction, the testimony of a 19-year-old girl who had known Thompson from church. The witness testified that in 1992, when she was 14 or 15 years old and Thompson was 21 years old, he signed her out of school and drove her to his apartment, where they stayed for several hours before he drove her back to school. Thompson pled nolo contendere to interference with custody in that case.

As Thompson and the state note in their briefs, there are apparently no reported interference with custody cases in Georgia involving facts which are even remotely similar to those presented here. In fact, most cases brought under OCGA § 16-5-45 involve one parent not returning a child to the custodial parent at the proper time after a lawful visit.[2]

While we certainly do not condone the conduct of Thompson in taking 15-year-old M. S. to his apartment when she was supposed to be in school, we do not believe that his actions are the type prohibited by the statute. The purpose of OCGA § 16-5-45 is to protect the custody interests of the child's lawful custodian from interference by another person.[3] There is no evidence that Thompson interfered with the mother's custody of M. S. The child was supposed to be in school at the time of the incident, though she had voluntarily removed herself from school. At the time she went with Thompson, she was not, and indeed was not supposed to be, in her mother's custody. And there is no evidence that the mother desired to exercise custody over M. S. at the time but, because of Thompson's actions, was unable to do so. Because the conduct complained of does not constitute a violation of OCGA § 16-5-45, the conviction for interference with custody must be reversed.[4]

2. Because we are reversing the interference with custody con-

---

[2] See, e.g., *Brassell v. State*, 259 Ga. 590 (385 SE2d 665) (1989); *State v. Evans*, 212 Ga. App. 415 (442 SE2d 287) (1994); *Scott v. State*, 198 Ga. App. 10 (400 SE2d 677) (1990).

[3] See *Evans*, supra at 417; *Stroud v. State*, 200 Ga. App. 387, 390 (1) (408 SE2d 175) (1991).

[4] See generally *Brassell*, supra at 591.

viction, we need not address Thompson's claim that the trial court erred in admitting similar transaction evidence as to the interference with custody charge. And, because the sexual battery charge was proved through evidence other than the similar transaction evidence,[5] any error in admitting the similar transaction testimony was harmless as to that offense and does not require reversal.[6]

3. Thompson also challenges the sufficiency of the evidence to support the sexual battery conviction. The evidence was sufficient to support this conviction.

A person commits sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without that person's consent.[7] "Intimate parts" includes the buttocks.[8] The state charged that on July 18, 1998, Thompson intentionally made physical contact with the intimate parts of M. S.'s body by touching her buttocks without her consent.

At trial, M. S. testified that while she and Thompson were at a swimming party, he came up behind her and touched her on her buttocks as she climbed up the ladder to get out of the pool. M. S. had not told Thompson he could touch her. A witness testified that she saw Thompson touch M. S. on her "hip bottoms" as she climbed out of the pool and that afterward M. S. was visibly upset and did not want to get back into the water.

In arguing that the evidence was insufficient, Thompson points to the same witness' testimony that she saw him touch M. S.'s hip as proof that he did not touch her buttocks. The witness said she saw Thompson touch M. S. "[f]rom her hip bottoms, like from the butt, from the hip," that he "touched her on the side," "like someone is going [to] catch you and hold you from the hip."

We do not agree that this testimony is inconsistent with M. S.'s testimony that Thompson touched her on the buttocks. In any event, conflicts in the testimony are a matter of credibility for the trier of fact to resolve.[9] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the conviction will be upheld.[10] The evidence was sufficient under the standard set forth in *Jackson v. Virginia*[11] to support the conviction for sexual battery.[12]

*Judgment affirmed in part and reversed in part. Smith, P. J., and*

---

[5] See discussion in Division 3, infra.
[6] See *Smith v. State*, 232 Ga. App. 290, 293 (1) (501 SE2d 523) (1998).
[7] OCGA § 16-6-22.1 (b).
[8] OCGA § 16-6-22.1 (a).
[9] *Vickers v. State*, 241 Ga. App. 452, 454 (527 SE2d 217) (1999).
[10] Id.
[11] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[12] See *Clark v. State*, 234 Ga. App. 503, 504 (507 SE2d 241) (1998).

*Phipps, J., concur.*

DECIDED JULY 28, 2000.

*William R. Hurst*, for appellant.
*Keith C. Martin, Solicitor, Michael T. Lesutis, Assistant Solicitor*, for appellee.