## A00A1642. MANER v. CHATHAM COUNTY et al.
(540 SE2d 248)

SMITH, Presiding Judge.

Plaintiff Charles A. Maner, Jr., a former Chatham County police officer, brought this action against the county and the county commissioners, alleging breach of contract, tort, and defamation. The trial court granted the county's motion for summary judgment, and Maner appeals, asserting as his sole contention that the trial court should have considered the issue of promissory estoppel. Because Maner did not have a valid contract with the county and promissory estoppel cannot apply to the unauthorized acts of a public officer, we affirm.

In December 1996, Maner, an officer with the marine patrol of the Chatham County police, was the subject of an Internal Affairs Division investigation after pointing his service firearm at other police officers.[1] After the investigation, the chief terminated Maner's employment for violating published police department firearms safety rules.

Maner obtained counsel, who investigated a possible appeal of his termination. During his investigation, counsel spoke with the police chief and the human resources director for the county. According to Maner's counsel, the human resources director, now deceased, was primarily responsible for handling the matter.

After these discussions, Maner's counsel was convinced that Maner could not successfully appeal the termination, and his "fallback" position was to obtain psychological help for Maner, "clean up his disciplinary jacket and . . . save his Georgia Peace Officer Standards and Training [(POST)] certification because with help he could probably return to police duty." Maner's counsel made an offer to the human resources director that "rather than go forward with the appeal, we would withdraw the appeal, submit our resignation for Mr. Maner, if they would give him the help, whatever medical, psychological help he might need, clean up his disciplinary jacket, and allow him to keep his [POST] certification." Maner's counsel informed the police chief of these negotiations, reached an agreement on those terms with the human resources director, and sent a letter confirming their agreement. But the records of the disciplinary proceeding were not removed from Maner's file, and his resignation was reported to the POST council, which suspended Maner's certification for two years. Maner did not appeal the council's decision.

Maner brought this action seeking damages for the county's

---

[1] While Maner now denies having done so, his former counsel acknowledged that Maner had admitted pointing his service weapon at other officers, while contending it was "squad room joking and, you know, horseplay."

breach of his counsel's agreement with the human resources director by failing to purge his files and reporting his resignation to the state authorities. Maner also contended that the human resources director committed fraud in misrepresenting to his attorney that the county had concerns about Maner's mental state, while a one-hour evaluation of Maner by a physician at the county's request showed "no psychiatric disease."[2] He also sought damages against the county for slander and libel in representing that he has mental problems and is dangerous to himself and others. But he appeals only the denial of his promissory estoppel claim, and matters not enumerated as error will not be considered on appeal. *Young v. Turner Heritage Homes*, 241 Ga. App. 400, 401 (2) (526 SE2d 82) (1999).

The trial court correctly held that the purported agreement between Maner's counsel and the human resources director is void and unenforceable. The Georgia General Assembly established the POST council to regulate various aspects of law enforcement statewide. OCGA § 35-8-7. The POST council has "authority . . . to discipline a certified peace officer" for numerous reasons, including

> any unprofessional . . . or deleterious conduct or practice harmful to the public, which conduct or practice need not have resulted in actual injury to any person. As used in this paragraph, the term "unprofessional conduct" shall include any departure from, or failure to conform to, the minimal standards of acceptable and prevailing practice of a peace officer.

OCGA § 35-8-7.1 (a) (6). Local police departments are required to maintain duplicate records on all peace officers or candidates covered by the Act and to forward one copy to the council. OCGA § 35-8-15. Finally, council regulations state that any local department receiving a resignation in lieu of termination "shall inform the Council in writing within ten (10) days of such action and records concerning the disciplinary action shall be made available to an investigator with POST Council." Ga. Comp. R. & Regs. r. 464-3-.06.

"A contract to do an immoral or illegal thing is void." OCGA § 13-8-1. See also *State v. Evans*, 212 Ga. App. 415, 416 (442 SE2d 287) (1994) (agreement of parties cannot alter state law); *Norman Enter-*

---

[2] But, according to the police chief, Maner's evaluation, under the circumstances, had no bearing on his determination of Maner's case. In fact, he testified that he never saw the report until after Maner's termination. Instead, he relied upon the Internal Affairs investigation, including interviews of current and former co-workers, which indicated to him that Maner was a danger to other members of the marine division through his "bizarre display of misconduct involving a weapon that could endanger others." He found the physician's report to be "in direct conflict with my own thoughts on it."

*prises Interior Design v. DeKalb County*, 245 Ga. App. 538 (538 SE2d 130) (2000) (parties cannot circumvent law by settlement agreement). The purported agreement to "remove any and all disciplinary materials from Mr. Maner's employee file . . . to preserve his [POST] certification and show a continuity in his employment record," violates both the letter and the spirit of the applicable law. Failing to report Maner's resignation and "sanitizing" Maner's records would have violated not only the council's regulations but also the record-keeping requirements of OCGA § 35-8-15 and the prohibition of OCGA § 35-8-7.1 (a) (2) against knowingly making "misleading, deceptive, untrue, or fraudulent representations in the practice of being a peace officer or in any document connected therewith."

Moreover, "[p]owers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power." OCGA § 45-6-5. The legislation establishing the governing authority of Chatham County does not authorize the human resources director to enter into contracts on behalf of the county or settle Maner's claim. The enabling act places the authority to enter into contracts with the chairman of the board of commissioners. Ga. L. 1984, pp. 5050, 5064, § 14 (4). The county administrator is empowered to direct and supervise the administration of all departments of the county government, Ga. L. 1984, p. 5066, § 17 (4), and the county attorney is empowered to "prepare or supervise the preparation of all contracts," Ga. L. 1984, p. 5069, § 21 (2), while the board of commissioners is empowered to "examine, settle, and allow all claims against the county." Ga. L. 1984, p. 5071, § 25 (16). The county therefore cannot be estopped by the unauthorized actions of the human resources director in entering into an alleged settlement agreement with Maner's attorney. *McDilda v. Bd. of Commrs. of Bulloch County*, 230 Ga. App. 530, 533 (1) (497 SE2d 25) (1998).

Maner relies upon *Star Laundry v. City of Warner Robins*, 189 Ga. App. 839 (377 SE2d 709) (1989), to assert that OCGA § 45-6-5 is inapplicable to an officer's unauthorized acts. But this decision was reversed by the Supreme Court of Georgia in *City of Warner Robins v. Rushing*, 259 Ga. 348 (381 SE2d 38) (1989). In its opinion, the Supreme Court reiterated that the doctrine of estoppel may not be used against a government when "the government official had *no authority* to take the action in question." (Emphasis in original.) Id. at 349. And here, as in *Rushing*, no evidence was presented that the county or its commission was aware of or ratified the agreement. "All contracts entered into by the county governing authority with other persons in behalf of the county shall be in writing and entered on its minutes." OCGA § 36-10-1. The trial court correctly granted summary judgment to the county on this issue.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 5, 2000.

*Savage, Turner & Pinson, Brent J. Savage, C. Dorian Britt,* for appellant.

*Lee, Black, Scheer & Hart, R. Jonathan Hart, Emily E. Garrard,* for appellees.