[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12220
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03976-SCJ


JAMES DARRYL FLOWERS,

                                                                    Plaintiff-Appellant,

versus

FULTON COUNTY SCHOOL SYSTEM,
RONALD WADE,
in his official capacity and individually,
FELIPE USURY,
in his official capacity and individually,
ROBERT AVOSSA,
in his official capacity and individually,

                                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 7, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James Flowers, represented by counsel, appeals the district court's denial of his motion to remand to state court and its grant of the Fulton County School System[1] ("School System") and Ronald Wade, Felipe Usury, and Robert Avossa's (collectively, the "Individual Defendants") motion to dismiss his complaint. In his complaint, Flowers, formerly a police officer with the School System, alleged that he was given a choice to resign or be fired after he was allegedly seen using his police vehicle to pick up his son from school, in violation of policy. Flowers chose to resign. After his resignation, the defendants reported to the Georgia Peace Officer Standards and Training Council ("POST") that Flowers had "resigned in lieu of termination," despite promising Flowers that they would report only that he had "resigned" (not in lieu of termination). As a result, according to Flowers, he was unable to continue his career in law enforcement. Because he resigned, he also was not afforded a due-process hearing.

Flowers asserted against all defendant claims of negligence, breach of contract, fraud, and intentional infliction of emotional distress under state law, and a federal 42 U.S.C. § 1983 claim alleging a procedural due-process violation. After removing the complaint to federal court, the defendants filed a joint motion

_____

[1] Appellees identify the School System as the "Fulton County School District." We use "School System" in this opinion for consistency with the case caption and the record.

2

to dismiss.  Flowers moved to remand the case to state court.  The district court granted the motion to dismiss and denied the motion to remand.  Flowers now appeals.  After careful review, we affirm.

## I.

Flowers first argues that the district court erred by denying his motion to remand to state court without applying the factors set forth in *Ambrosia Coal and Construction Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004), to determine whether abstention was appropriate under the Supreme Court's decision in *Colorado River Water Conservation District v. United States (Colorado River)*, 424 U.S. 800, 96 S. Ct. 1236 (1976).  He contends that abstention was warranted based on a substantially similar lawsuit against the School System in state court.

We review a district court's decision about whether to abstain under the *Colorado River* abstention doctrine for an abuse of discretion.  *See Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1133 (11th Cir. 2013) (reviewing a dismissal on abstention grounds for an abuse of discretion).  A district court abuses its discretion if it misapplies the law or clearly errs in assessing the evidence.  *Id.*

Generally speaking, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River*, 424 U.S. at 817–18, 96 S. Ct. at 1246.  Nonetheless, federal courts may abstain from a case when (1) a parallel state proceeding exists and (2) "exceptional" circumstances justify

3

abstention.  *Jackson-Platts*, 727 F.3d at 1140.  This Court has catalogued six relevant factors for assessing whether the circumstances qualify as sufficiently exceptional to justify abstention.  *See Ambrosia Coal*, 368 F.3d at 1331.

The existence of a parallel state proceeding is a "threshold" consideration for abstention under *Colorado River*.  *Jackson-Platts*, 727 F.3d at 1140.  "[A] federal court may abstain under the *Colorado River* doctrine *only* if there is a parallel state action, which is one involving substantially the same parties and substantially the same issues."  *Id.* (internal quotation marks omitted) (emphasis added).  Exact identity between parties and issues is not required.  *Ambrosia Coal*, 368 F.3d at 1330–31.  But "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. (Moses H. Cone)*, 460 U.S. 1, 28, 103 S. Ct. 927, 943 (1983).

Here, the district court did not err in refusing to abstain under *Colorado River* because the state action was not substantially identical to this case.  Flowers contends that both cases involve the same issue of the defendants' alleged use of "coercion and threats" to force resignations without due process.  But beyond the basic fact that both cases involve resignations by employees of the School System, neither the parties nor the issues in the state action are substantially similar to this case.  Flowers is not a party to, nor does he appear to have any connection with,

4

the state action.  Moreover, the claims brought in the other action (defamation, slander, libel, breach of fiduciary duty, and breach of a written settlement agreement) share only minor similarities with Flowers's claims in federal court (fraud, negligence, intentional infliction of emotional distress, due-process violation, and breach of an alleged oral contract).  Overall, Flowers has made no showing that the state action would have been "an adequate vehicle for the complete and prompt resolution of the issues between the parties."  *Id.*  As a result, it would have been a "serious abuse of discretion" for the court to abstain under *Colorado River*.  *Id.*

Because the threshold requirement of a parallel state action was not met, the district court did not need to consider whether exceptional circumstances warranted abstention, and the court properly denied Flowers's motion to remand.[2]  *See Jackson-Platts*, 727 F.3d at 1140.

## II.

Next, Flowers contends that the district court erred by dismissing his complaint.  He asserts that the court improperly assumed facts not in evidence, erred in finding that qualified immunity barred his claims against the Individual Defendants in their individual capacities, and erred in determining that several

_____

[2] The district court had subject-matter jurisdiction over Flowers's case based on his federal § 1983 claim.  *See* 28 U.S.C. §§ 1331, 1441(a).

5

claims were time-barred.  He also argues that he should have been given at least one opportunity to amend his complaint.

We review a district court's grant of a motion to dismiss *de novo*, accepting as true the facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff.  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  We likewise review *de novo* a district court's application of a statute of limitations.  *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).

To adequately raise an issue or argument on appeal, the party must identify and address it in his opening brief; otherwise, the claim is considered abandoned, and we will not address the merits.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  Furthermore, "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

First, the district court properly accepted as true all facts alleged in Flowers's complaint, including Flowers's own assertion that he chose to resign when given an "ultimatum" that he must either resign or be terminated.  Flowers contends that he resigned in lieu of "alternatives," not necessarily that he resigned in lieu of termination, but the allegations in his complaint plainly state that he was given only one alternative to resignation—termination.    The district court

6

permissibly drew the only reasonable inference that followed from the facts he alleged.

The district court also did not err in finding that the County was required to maintain duplicate personnel records and forward one copy to POST. The relevant statute provides, "Each law enforcement unit shall prepare duplicate records on any candidate or peace officer employed under this chapter . . . . [T]he second copy [of the records] shall be forwarded to the council and shall be maintained by the council." O.C.G.A. § 35-8-15(a). POST regulations require employers of peace officers to inform the POST Council within 15 days of accepting any resignations in lieu of terminations. *See* Ga. Comp. R. & Regs. 464-3-.06(a).

Second, Flowers's argument that the district court erred by dismissing his individual-capacity claims based on qualified immunity is misplaced. The court did not resolve any claims on the basis of *qualified immunity*. Rather, the court relied on the doctrine of *sovereign immunity* to dismiss Flowers's claims against the School System and the Individual Defendants in their official capacity, but Flowers has abandoned his challenge to the dismissal of those claims by failing to raise any argument regarding the district court's application of sovereign immunity. *See Access Now, Inc.*, 385 F.3d at 1330. Accordingly, we affirm the district court's dismissal of Flowers's claims against the School System and his official-capacity claims against the Individual Defendants.

7

Third, the district court did not err in determining that Flowers's individual-capacity claims of negligence, intentional infliction of emotional distress, and § 1983 due process were time-barred.  Claims of negligence and intentional infliction of emotional distress "constitute claims of injury to the individual," and therefore are governed by Georgia's two-year statute of limitations for personal injury, O.C.G.A. § 9-3-33.  *M.H.D. v. Westminster Sch.*, 172 F.3d 797, 803 (11th Cir. 1999).  It is also well-settled that § 1983 claims filed in Georgia are governed by the same two-year statute of limitations for personal-injury actions.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Here, the court found that the latest date on which Flowers's claims accrued was November 13, 2012—a finding Flowers does not challenge—and that he did not file his complaint until December 1, 2014, more than two years later.

While Flowers is correct that a four-year limitations period applies to his fraud claim, the district court did not dismiss the fraud claim as time-barred.[3] Instead, the court found that Flowers had not alleged any false statement, let alone with the particularity required by Rule 9(b), Fed. R. Civ. P., nor did his allegations show justifiable reliance.  Flowers does not address these determinations, so he has

---

[3] Although the district court stated that it granted "Defendants' motion to dismiss Plaintiff's fraud . . . claim[] as time-barred under O.C.G.A. § 9-3-33," in addition to the other claims, the court's reference to the fraud claim appears to be no more than a clerical error, as the court separately addressed the merits of the fraud claim later in its order.

8

abandoned his challenge to the dismissal of his individual-capacity fraud claim. *See Access Now, Inc.*, 385 F.3d at 1330.

Flowers's remaining claim is for breach of an oral contract. The district court concluded that the alleged contract was unenforceable because it violated public policy. In his brief on appeal, Flowers asserts that the court erred in writing "that a resignation as stated by Appellant would have been unlawful and against public policy," but that assertion is as far as his argument goes. Such a passing reference, without supporting arguments and authority, is insufficient to raise the issue for review. *See Sapuppo*, 739 F.3d at 681. Moreover, the Georgia Court of Appeals has found that a similar contract was void for illegality. *See Maner v. Chatham Cty.*, 540 S.E.2d 248, 249-50 (Ga. Ct. App. 2000) (purported contract to not report the plaintiff's resignation to POST to preserve the plaintiff's POST certification was void and unenforceable). Consequently, we affirm the dismissal of Flowers's individual-capacity breach-of-contract claim.

Finally, the district court was not required to grant Flowers leave to amend *sua sponte* because Flowers, who was represented by counsel, "never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

For the reasons stated, we **AFFIRM** the dismissal of Flowers's complaint.