**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 21, 2017**

# In the Court of Appeals of Georgia

A17A2068. CONWELL v. THE STATE.

ANDREWS, Judge.

The appellant, Loudon Conwell, was convicted of aggravated assault with intent to rape, two counts of false imprisonment, and rape. The trial court found Conwell was a recidivist and sentenced him to life imprisonment on the rape count; 20 years to serve on the aggravated assault count, consecutive to the life sentence; and 10 years to serve on each false imprisonment count, consecutive to each other but concurrent with the sentence for the aggravated assault.

In an unpublished opinion, this Court affirmed those convictions. *Conwell v. State*, (327 Ga. App. XXVI (July 3, 2014) (unpublished)). On December 13, 2016, Conwell filed a motion to vacate an illegal sentence, which the trial court denied on March 29, 2017. This appeal followed.

1. Relying upon OCGA 17-10-7 (d), Conwell contends the trial court erred in sentencing him as a recidivist because two of his three predicate convictions for recidivist treatment, although based on different indictments, were obtained by guilty pleas entered on the same day and thus should have been considered as only one conviction. However, all three convictions were based on crimes committed at different times, indicted separately, and sentenced on separate orders. "Where a defendant is charged for separate crimes, arising out of separate incidents, and is sentenced for each crime in a separate order, those offenses are not considered 'consolidated' under OCGA § 17-10-7 (d)." (citation omitted.) *Becoats v. State*, 318 Ga. App. 262, 264 (2) (733 SE2d 795) (2012). The trial court properly determined Conwell's recidivist status.

2. Conwell contends his sentence of 20 years to serve for the aggravated assault conviction was illegal because OCGA § 17-10-6.2 (b) requires a split sentence including at least one year of probation for such a sexual offense. We agree. As Conwell was properly determined to be a recidivist and as aggravated assault with intent to rape is one of the sexual offenses specified in OCGA § 17-10-6.2 (b), the total sentence permissible for the aggravated assault conviction was still 20 years, but under the terms of the statute at least one year of that sentence should have been

2

probated. See *State v. Riggs,* 301 Ga. 63, 74 (799 SE2d 770) (2017)*; Watkins v. State*, 336 Ga. App. 145, 152 (5) (784 SE2d 11) (2016). For that reason, this case must be remanded for resentencing Conwell on the aggravated assault conviction in accordance with the split sentence requirement of OCGA § 17-10-6.2 (b).

3. Conwell's remaining enumerations of error are not properly raised in a motion to correct an illegal sentence. Specifically, relying upon OCGA § 16-1-7 (a), Conwell contends he was illegally convicted and sentenced for multiple crimes that should have been merged; and he contends his rape conviction was illegal because of alleged constitutional defects with the rape statute. Those enumerations of error, which challenge the validity of his *convictions*, are not the proper subjects of a motion to correct an illegal sentence and must be dismissed. *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). See also, *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (2013).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Ellington, P. J., and Rickman, J., concur.*