**FOURTH DIVISION
DOYLE, P. J.,
COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 25, 2020**

# In the Court of Appeals of Georgia

A19A2208. OWENS v. THE STATE.

MARKLE, Judge.

Following a jury trial, Robert Willis Owens, Jr., was convicted of child molestation; criminal attempt to commit felony child molestation; three counts of enticing a child for indecent purposes; and four counts of interfering with custody of a minor.[1] He was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c) to a total of thirty years' imprisonment. He now appeals from the denial of his motion for new trial, arguing that the trial court erred in denying his motion for directed verdict as to interference with custody of a minor, and by sentencing him as a recidivist. After a thorough review of the record, we affirm the conviction for one of the interference with custody counts, but reverse as to the other three counts, vacate the

---

[1] He was acquitted of aggravated child molestation and aggravated sodomy.

sentences imposed for interfering with custody of a minor, child molestation, and enticing a child for indecent purposes, and remand the case for resentencing.

Viewing the evidence in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in the fall of 2014, M. P. was a 15-year-old special education student at Osborne High School. She lived with her grandmother, who was also her guardian. Owens was the father of M. P.'s half-brother.

On October 15, Owens picked M. P. up from school and took her to his house, where she spent the night before Owens drove her back to school the next day. M. P.'s grandmother never gave Owens permission to take M. P. from school or for M. P. to spend the night at his home. While M. P. was with Owens, he performed oral sex on her and the two watched pornography. Owens gave M. P. money and clothes, along with a key to his house and a cell phone to enable him to communicate with her.

On October 30, M. P. and two friends, S. B. and M. I., left school at lunch time, and Owens picked them up down the street from the school. They went to Owens's house and out to lunch before returning to school that same afternoon. Neither M. P.'s

grandmother nor S. B.'s mother gave permission for the girls to leave school with Owens.

Based on these incidents, police obtained an arrest warrant for Owens, and he was arrested in mid-November. He was released on bond, with the condition that he have no contact with the juvenile victims.

On November 21, after Owens was released on bond, police received a call that M. P. had not gone to school that morning. They went to Owens's home to investigate. When asked if M. P. was there, Owens denied it, acknowledging that he was not to have any contact with her, but the police ultimately found M. P. hiding in Owens's attic.

At the close of the State's case, Owens moved for a directed verdict on all counts. As is relevant to this appeal, he argued that the interference with custody of a minor counts could not stand because the girls were in school at the time and not in their parents' custody. In support, he cited *Thompson v. State*, 245 Ga. App. 396, 397 (1) (537 SE2d 807) (2000), in which this Court reversed a conviction for interference with custody of a minor where the defendant picked up the victim while she was skipping school. The State noted that, as to one count of interference with custody of a minor, M. P. spent the night at Owens's home, but it conceded that

*Thompson* could apply to the other three counts. The trial court denied the motion for directed verdict, finding that *Thompson* did not apply because parents have custody of their children at all times.

Following his convictions, Owens filed a motion seeking to avoid recidivist sentencing because the prior convictions on which the State relied were too remote in time and did not involve sexual offenses.[2] At sentencing, the trial court reviewed Owens's prior convictions, which included a 1983 guilty plea to burglary, a 1987 guilty plea to aggravated assault, and a 1992 guilty plea to forgery, and found that Owens qualified as a recidivist under OCGA § 17-10-7 (a) and (c). The trial court sentenced Owens to 30 years to serve.[3] In doing so, the trial court specifically noted that Owens posed a danger to the community and had abused a vulnerable victim.

Owens moved for a new trial, arguing, as is relevant to this appeal, that he was entitled to a directed verdict on one count of interference with the custody of a minor,

_____

[2] Owens did not challenge the existence of his three prior convictions and argued only that they should not serve as predicate offenses for the recidivist sentencing provisions.

[3] The sentence consisted of the following terms, to run concurrently: 20 years' imprisonment for child molestation; 10 years' imprisonment for criminal attempt to commit felony child molestation; 30 years' to serve for enticing a minor; and 12 months to serve for interference with the custody of a minor, which was a misdemeanor.

and that sentencing him as a recidivist was disproportionate and violated the 8th Amendment prohibition on cruel and unusual punishment. The trial court denied the motion for new trial, and Owens now appeals.

1. In his first enumeration of error, Owens argues that the trial court erred in denying his motion for a directed verdict on the interference with custody of a minor counts because the children were not in the custody of their legal guardians when he picked them up during school. We agree as to three of the four counts.

Statutory interpretation is a question of law, which we review de novo, giving no deference to the trial court's ruling. *State v. Hammonds*, 325 Ga. App. 815 (755 SE2d 214) (2014). In interpreting the statute at issue,

> we are mindful of the applicable principles of statutory construction and look diligently for the intention of the General Assembly. In so doing, the ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations. Also, if a criminal statute is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.

5

(Citations and punctuation omitted.) *State v. Rich*, 348 Ga. App. 467, 471 (823 SE2 563) (2019).

Under OCGA § 16-5-45 (b) (1) (A), "[a] person commits the offense of interference with custody when without lawful authority to do so, the person . . . [k]nowingly or recklessly takes or entices any child . . . away from the *individual* who has lawful custody of such child[.]" (emphasis supplied). As defined by statute, "lawful custody" includes "that custody inherent in the natural parents, . . . or that custody awarded to a parent, guardian, or other person by a court of competent jurisdiction." OCGA § 16-5-45 (a) (3).

Under the plain language of the statute, the defendant must entice the child away from an *individual* having custody. OCGA § 16-5-45 (b) (1) (A). Nothing in the statutory language contemplates the removal of a child from a school during school hours.

In *Thompson*, we explained,

[a]t the time [the child] went with [the defendant], she was not, and indeed was not supposed to be in her mother's custody. And there is no evidence that the mother desired to exercise custody over [the child] at the time but, because of [defendant's] actions, was unable to do so.

*Thompson*, 245 Ga. App. at 397 (1).

6

Notably, *Thompson* was decided in 2000. Since then, the legislature has not amended the statute to clarify that removing a child from school during school hours constitutes interference with custody. The legislature's lack of action supports adhering to the *Thompson* rationale in the instant case. See *Schlomer v. State*, 247 Ga. App. 257, 259 (1) (543 SE2d 472) (2000) ("the General Assembly was aware of the decisions . . . but did not amend the statute to alter those holdings."); see also *Williams v. State*, 299 Ga. 632, 634 (791 SE2d 55) (2016) ("[T]he legislature is presumed to know the condition of the law and to enact statutes with reference to it.") (citation omitted).

The State attempts to distinguish *Thompson* on the ground that the child in that case was already skipping school when the defendant picked her up. But this is a distinction without a difference here. The issue is not whether the defendant enticed the children away from school or whether they left school of their own volition because the school is not a lawful custodian under the terms of OCGA § 16-5-45 (b) (1) (A). See *Thompson*, 245 Ga. App. at 397 (1).

This interpretation of the statutory language is consistent with the plain language of the statute and with the use of "legal custodian" elsewhere in the Georgia Code. See OCGA § 15-11-2 (42) (A) (defining "legal custodian" as "*a person* to

7

whom legal custody of a child has been given by order of a court[.]" (emphasis supplied)).

Applying this reasoning to the charges against Owens, we conclude that only one of the counts of interference with custody of a minor established that Owens interfered with M. P.'s grandmother exercising her right to lawful custody. Specifically, with respect to the October 15 incident, Owens kept M. P. at his home overnight without the grandmother's permission.

As to the other three counts, it is undisputed that, on October 30, M. P. and S. B. left school in the middle of the day, the defendant picked them up, and the defendant brought them back before the school day ended. It is also undisputed that, on November 21, M. P. was at Owens's home when she was supposed to be in school. As neither M. P.'s grandmother nor S. B.'s mother would have had custody of the girls at the time they were with Owens, the trial court should have granted the motion for directed verdict as to these counts. Therefore, the convictions for interference with custody of a minor on these counts must be reversed, and the case remanded for resentencing without those three convictions.

2. In two related enumerations, Owens contends that all of the sentences imposed violate the 8th Amendment, and that the trial court abused its discretion

when it failed to mitigate the sentences by imposing a split sentence that included a term of probation. Although we disagree with his specific arguments, we conclude that the trial court erred in imposing the sentences under OCGA §§ 16-5-45 (b) (2) and 17-10-6.2.

a. Interfering with custody of a minor

Before turning to Owens's arguments on appeal, we first consider the sentence imposed for interfering with custody of a minor under OCGA § 16-5-45 (b) (2). Given our conclusion in Division 1 that Owens can be convicted of only one count, Owens must be resentenced for this offense. However, our review also shows that the trial court erred in imposing sentence on the one remaining interference with custody count, and we must correct this error so that it does not reoccur on remand.

Interference with custody of a minor is a misdemeanor, and the first conviction authorizes a sentence of one to five months' imprisonment. See OCGA § 16-5-45 (b) (2) (A). Thus, Owens's sentence of 12 months' imprisonment for this count is outside the statutory maximum and is void. See *Arnold v. State*, 278 Ga. App. 188, 190 (3) (628 SE2d 605) (2006) (trial court erred in sentencing defendant to 12 months on each of the four counts of interference with custody where there was no evidence he had any prior convictions for interference); see also *Nazario v. State*, 293 Ga. 480,

485-486 (2) (b) (746 SE2d 109) (2013) (appeals court must vacate an illegal sentence even if the error was not raised in the trial court or on appeal). Accordingly, on remand, the trial court is directed to limit the sentence imposed on this count to no more than five months' imprisonment.

b. Recidivist sentencing as cruel and unusual punishment

Owens next argues that his recidivist sentences violate the 8th Amendment prohibition on cruel and unusual punishment. We are not persuaded.

OCGA § 17-10-7 (c) provides:

> any person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

The trial court imposed the maximum terms of imprisonment on each of the counts of conviction, except with respect to the sentences for interference with custody as addressed in Division 2 (a). See OCGA §§ 16-4-6 (maximum sentence of 10 years for attempt to commit felony child molestation); 16-6-4 (b) (1) (maximum

sentence of no more than 20 years for child molestation); 16-6-5 (b) (maximum 30 years' imprisonment for enticing a child for indecent purposes).

We have rejected constitutional challenges to the recidivist sentencing scheme in the past. *Bray v. State*, 330 Ga. App. 768, 774-775 (3) (768 SE2d 285) (2015). As we explained,

> [a] punishment may be unconstitutionally cruel and unusual in the rare circumstance where the defendant's sentence is grossly disproportionate to the underlying crime. . . . If the defendant's sentence falls within the statutory range of punishment set by the legislature, a presumption arises that the sentence does not violate the Eighth Amendment, and the presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.

(Citations and punctuation omitted.) Id.

Here, the sentences imposed on all of the remaining convictions fell within the statutory limits, and we thus presume that the sentences do not violate the 8th Amendment. *Bray*, 330 Ga. App. at 775 (3). Owens has offered nothing to overcome that presumption.

11

Finally, to the extent that Owens argues that his prior convictions were too remote to qualify as predicate offenses under OCGA § 17-10-7 (c), the statute does not limit the use of prior convictions in this manner. See *Prince v. State*, 299 Ga. 888, 891 n.6 (793 SE2d 38) (2016). Accordingly, we cannot say that the trial court abused its discretion in declining to mitigate Owens's sentences.

c. Split sentence under OCGA § 17-10-7

Owens also argues that the trial court should have included a split sentence of incarceration followed by probation and used its discretion to impose a sentence of probation. We disagree.

Under OCGA § 17-10-7 (a),

> any person who, after having been convicted of a felony offense in this state . . . commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, *the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense*.

(emphasis supplied).

To the extent that Owens challenges the trial court's decision not to impose a term of probation under OCGA § 17-10-7 (a), there is no evidence that the trial court

12

abused its discretion. See *Paige v. State*, 277 Ga. App. 687, 688-689 (2) (627 SE2d 370) (2006) ("Unless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence.") (citation and punctuation omitted). Rather, the trial court stated that it imposed the lengthy sentences because Owens took advantage of a vulnerable victim and was a danger to society. As such, Owens's argument that he should have received a probated sentence is without merit.

d. Split sentence under OCGA § 17-10-6.2 (2013)

Although Owens does not argue that the trial court was required to impose a split sentence for the some of the sexual offenses under OCGA § 17-10-6.2 (b), we may consider this issue sua sponte because, if the trial court erred in this respect, the sentence imposed would be void. See *Nazario*, 293 Ga. at 485-486 (2) (b); *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017) ("A sentence that does not comply with the OCGA § 17-10-6.2 split-sentence requirement is void. We are required to correct a void sentence. A sentence which is not allowed by law is void, and its illegality may not be waived.") (citation and punctuation omitted).

Under OCGA § 17-10-6.2 (b) (2013),

13

notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

Here, Owens was convicted of child molestation and enticing a child for indecent purposes, both of which require the trial court impose to a split sentence that includes at least one year of probation. OCGA § 17-10-6.2 (a) (5), (6); see also OCGA §§ 16-6-4 (b) (1); 16-6-5 (b). But the trial court did not impose a split sentence on either of these offenses. We thus are required to vacate the sentences imposed for these convictions and remand this case to the trial court for resentencing that complies with OCGA § 17-10-6.2 (b). See *Conwell v. State*, 344 Ga. App. 67, 68 (2) (808 SE2d 434) (2017) (sentencing defendant to a split sentence as a recidivist); see also *Watkins v. State*, 336 Ga. App. 145, 151-153 (5) (748 SE2d 11) (2016) (even where defendant is sentenced as a recidivist under OCGA § 17-10-7, the trial court is required to impose a split sentence under OCGA § 17-10-6.2 for applicable offenses).

In summary, we conclude that the trial court properly denied the motion for new trial as to one count of interference with custody of a minor, but that the convictions on the remaining three counts of interference with custody of a minor must be reversed. We further conclude that the trial court erred in sentencing Owens in excess of the statutory maximum on the remaining interference with custody count, and in failing to impose a split sentence on the child molestation and enticing a minor counts. We therefore vacate in part the sentences imposed and remand for resentencing consistent with this opinion.

*Judgment affirmed in part; reversed in part; sentence vacated in part; and case remanded with direction. Doyle, P. J., and Coomer, J., concur.*