528 S.E.2d 865 (2000)
243 Ga. App. 519
The STATE
v.
MILSAP.
No. A99A2064.
Court of Appeals of Georgia.
January 28, 2000.
Reconsideration Denied April 13, 2000.
*866 James R. Osborne, District Attorney, Donald N. Wilson, Assistant District Attorney, for appellant.
Charles E. Pinkard, Jr., Rockmart, for appellee.
ELLINGTON, Judge.
Pennie Dee Milsap was indicted for violating the Georgia Controlled Substances Act, for possessing marijuana and methamphetamine, OCGA § 16-13-30. The State appeals the grant of Milsap's motion to suppress evidence. We reverse.
In reviewing a motion to suppress, the evidence is construed most favorably to uphold the trial court's findings and judgment, and the court's findings on disputed facts and credibility will be adopted unless they are clearly erroneous. Redd v. State, 229 Ga.App. 364, 365, 494 S.E.2d 31 (1997).
Viewed in this light, the evidence shows that Milsap was a passenger in a vehicle that was stopped when a police officer observed the driver not wearing a seat belt, in violation of OCGA § 40-8-76.1. After issuing the driver a warning for the violation, the officer asked for, and the driver granted, both oral and written consent to search the vehicle. The officer searched the car and found nothing, then asked Milsap for permission to search her purse. After obtaining her consent, the officer searched the purse and found marijuana and methamphetamine. At the hearing on the motion to suppress the evidence, the trial court found that the officer's stop for the seat belt violation was pretextual and invalidated both consents to search.
OCGA § 40-8-76.1(f) states:
[p]robable cause for violation of [OCGA § 40-8-76.1(b) ] shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Code section. Noncompliance with the restraint requirements of this Code section shall not constitute probable cause for violation of any other Code section.
The General Assembly added the language concerning probable cause for violation of other Code sections for the purpose of prohibiting a search of a person or a vehicle based solely on the failure of the occupant of the front seat to wear a seat belt. Davis v. State, 232 Ga.App. 320, 321-322(1), 501 S.E.2d 836 (1998). However, the language was not intended to prevent an officer from *867 making an arrest on additional offenses based upon evidence ascertained through reasonable inquiry and investigation following the initial stop. Id.
The officer testified that he had a clear and unobstructed view of the driver of the vehicle not wearing a seat belt. This view was sufficient to establish probable cause for the stop. OCGA § 40-8-76.1(f). Accordingly, the stop was not pretextual.
Once the vehicle was lawfully stopped, the officer was allowed to ask for the driver's consent to search the car. See Stokes v. State, 238 Ga.App. 230, 233, 518 S.E.2d 447 (1999). No additional probable cause or articulable suspicion was required to simply ask the question. Id. "Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual ... and request consent to searchas long as the police do not convey a message that compliance with their requests is required." (Citations and punctuation omitted.) State v. Westmoreland, 204 Ga.App. 312(1), 418 S.E.2d 822 (1992).
The officer testified that the driver and the vehicle's occupants were free to leave at any time after he gave the verbal warning for the seat belt violation. Both the driver and Milsap were within their rights to refuse the officer's request to search the vehicle and the purse. The trial court determined, however, that Milsap instead remained at the scene and consented to a search of her purse. We will not disturb the trial court's finding that Milsap's consent to the search of her purse was valid. Because the stop was not pretextual, the trial court erred in suppressing evidence obtained in the search.
Judgment reversed.
McMURRAY, P.J., and ELDRIDGE, J., concur.
ANDREWS, P.J., and BARNES, J., concur in judgment only.
BLACKBURN, P.J., and RUFFIN, J., dissent.
RUFFIN, Judge, dissenting.
Once a routine traffic stop has ended, can police continue to detain motorists and passengers for questioning without any basis for doing so? Because I do not believe that police officers have such authority, I dissent.
At the outset, I must state that I disagree with the analysis employed by the trial court. Contrary to the trial court's order, the issue here is not whether the traffic stop itself was pretextual. Under OCGA § 40-8-76.1(f), the police have statutory authority to stop a car if either the driver or front seat passenger is not wearing a seat belt. Thus, the initial stop was clearly authorized, and the trial court erred in labeling it pretextual. But the issue remains as to whether, after having stopped the car, the police exceeded the scope of their authority by detaining the occupants of the car for questioning. It is here that I disagree with the reasoning employed by the majority.
In its opinion, the majority concludes that, having validly stopped the car, the police were free to question the occupants. But this is not an accurate statement of Georgia law. We have held that stopping a vehicle for investigative purposes is analogous to a Terry[1] stop and that,
[t]he validity of an officer's investigative... conduct upon making [such a] stop is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced.[2]
In striking this balance, we have held that traffic stops must be limited in time and limited in scope and that police officers must limit their questions to those "reasonably related to the circumstances that justified the initiation of the momentary stop."[3] *868 Thus, police officers do not have carte blanche to question motorists after having stopped them for a traffic violation. Rather, in order to justify additional questioning of motorists following a routine traffic stop, "an officer must have reasonable suspicion of criminal conduct."[4] To meet this standard,
an officer's investigation during a traffic stop must be justified by specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Although this suspicion need not meet the standard of probable cause, it must be more than mere caprice or a hunch or an inclination.[5]
Here, neither the trial court nor the majority addresses whether the police officers had reasonable suspicion to further detain Milsap and the other occupants of the car for questioning. The transcript appears devoid of any evidence of suspicious conduct. But the trial court is the factfinder regarding such matters.[6] Accordingly, I would reverse and remand for an order consistent with this dissent.
I am authorized to state that Presiding Judge BLACKBURN joins in this dissent.
NOTES
[1] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] (Punctuation omitted.) State v. Blair, 239 Ga. App. 340, 341, 521 S.E.2d 380 (1999).
[3] (Citations and punctuation omitted; emphasis supplied.) Id.
[4] See Edwards v. State, 239 Ga.App. 44, 45(1), 518 S.E.2d 426 (1999); see also Parker v. State, 233 Ga.App. 616, 617-618(1), 504 S.E.2d 774 (1998).
[5] (Citations and punctuation omitted.) Id. at 618, 504 S.E.2d 774.
[6] Cunningham v. State, 231 Ga.App. 420, 421(1), 498 S.E.2d 590 (1998).