## A01A1773. ROGERS v. THE STATE.
(560 SE2d 742)

BLACKBURN, Chief Judge.

Dennis Rogers was arrested and charged with possession of marijuana with intent to distribute. Rogers filed a motion to suppress evidence of marijuana found during a search of his vehicle, but the motion was denied. The trial court's order was certified for immediate review, and we accepted Roger's interlocutory application to review the trial court's ruling. For the reasons set forth below, we affirm.

"Upon review of the denial of a motion to suppress, the appellate court construes the evidence in the light most favorable to the trial court's judgment, and its findings of fact based on conflicting evidence must be accepted unless clearly erroneous." *Woodward v. State.*[1]

The evidence presented at the suppression hearing shows that on March 7, 2000, Officer Charles Forney of the Statesboro Police Department stopped a vehicle driven by Rogers because of a defective headlight. After asking to see Rogers's license and insurance card, Forney initiated a check to determine the status of the license and whether there were any outstanding warrants on Rogers. Forney issued a warning for the defective headlight.

While waiting for the results of the check, Forney began a conversation with Rogers and the passenger in his car and, after noticing apparent conflicts in what each told him about their destination, asked Rogers for consent to search the car. Rogers refused to consent to a search. Still waiting for a response to the license and warrant check, Forney requested that a drug dog be brought to the site of the stop. A few minutes before the drug dog arrived, the radio operator informed Forney that there was an outstanding warrant for Rogers for failing to appear in Screven County and that he was in the process of confirming the warrant. Forney placed Rogers in the back of his car while he waited for confirmation of the warrant, and a few minutes later an officer arrived with the drug dog. When the officer asked Forney if he wanted to make a search of the car incident to arrest, Forney replied, "I told him, I said, you know, the warrant has not been confirmed yet, I just rather that you run the dog around and we'll wait for confirmation." At this time the officer took the dog around the car, and the dog alerted to the presence of contraband. Forney searched the car, found marijuana, and placed Rogers under arrest.

Rogers filed a motion to suppress, challenging the search of his

---

[1] *Woodward v. State*, 245 Ga. App. 409 (537 SE2d 791) (2000).

vehicle. A hearing was held, and the trial court denied the motion, finding that Forney's detention of Rogers was reasonable and that the search of Rogers's vehicle was a legal inventory search.

1. In his first enumeration of error, Rogers contends that the trial court erred in holding that his "continued detention" after the initial stop was reasonable. As an initial matter, we note, and Rogers does not contest, that the initial stop of Rogers's vehicle was authorized. Officer Forney testified at the suppression hearing that he pulled the vehicle over for a defective headlight. A reasonable officer would have stopped Rogers's vehicle under these facts. *Roundtree v. State*;[2] *O'Keefe v. State*.[3]

While acknowledging that the initial stop was valid, Rogers argues that once Forney issued a warning as to the defective headlight, the traffic stop was concluded and Forney did not have reasonable suspicion of criminal activity sufficient to continue his detention of Rogers. This argument ignores the factual situation presented by this case.

As we have established, Forney initially stopped Rogers for a defective headlight violation, which is a valid reason for stopping a motorist. Although Forney decided to issue a warning rather than a ticket for the violation, he detained Rogers to investigate the status of his license and to ascertain if Rogers had any outstanding warrants. When the radio operator indicated that there appeared to be an outstanding warrant for Rogers and that confirmation of the warrant was being sought, Forney continued the detention for a period of time necessary to confirm the warrant. Regardless of Forney's testimony regarding the bases for any suspicions he may have had about Rogers and his passenger, the reason for the continued detention was not suspicion of illegal activity but for the legitimate purpose of confirming that a warrant for Rogers was outstanding. *Crenshaw v. State*.[4] Accordingly, the detention of Rogers was authorized.

Because Rogers was validly detained while Forney sought confirmation of the warrant, Forney "was free to have the handler walk the dog around the car, as 'use of a trained drug detection dog, in a location where he is entitled to be, to sniff the exterior of a container, is not an unreasonable search.'" *Crenshaw*, supra. See also *Casey v. State*.[5] As the *O'Keefe* court explained,

The dog in the instant appeal was in a place where he was authorized to be. The container, [defendant's] car, was not

---

[2] *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994).
[3] *O'Keefe v. State*, 189 Ga. App. 519, 522 (376 SE2d 406) (1988).
[4] *Crenshaw v. State*, 248 Ga. App. 505, 511 (4) (546 SE2d 890) (2001).
[5] *Casey v. State*, 246 Ga. App. 786, 790 (542 SE2d 531) (2000).

being unlawfully detained. The dog did not intrude into the interior of [defendant's] car. The area around [defendant's] car is not [an] area protected by the Fourth Amendment or Par. XIII of Art. I, Sec. I of the Georgia Constitution. The owner or driver of an automobile has no reasonable expectation of privacy in the airspace surrounding his car. The use by the officer of a canine's enhanced (through training) olfactory sense[ ] cannot convert a sniff of the air around the exterior of the car into an unreasonable search of the interior of the car.

*O'Keefe*, supra at 526 (3). See also *State v. Foster*.[6] Since the drug dog's sniffing of the exterior of the vehicle did not constitute a search within the meaning of the Fourth Amendment, reasonable and articulable suspicion is not required before a police officer may use a canine trained in drug detection to sniff the vehicle's exterior. *United States v. Goldstein*.[7]

Once the drug dog alerted on the exterior of the vehicle, Forney had probable cause to believe that contraband was contained therein and was authorized to conduct a search of its contents. *Roundtree*, supra at 794; *Casey*, supra at 790; *Donner v. State*.[8] The trial court did not err in denying the motion to suppress.

2. Rogers also contends that the trial court erred in holding that the search of his vehicle was a valid inventory search. "Although the reasons for a trial court's ruling may be wrong, we may still affirm the court's ruling if it is right for any other reason. So even if a trial judge incorrectly denies a motion to suppress on one basis, we may affirm the denial on another basis." (Footnote omitted.) *Benton v. State*.[9] Though the trial court based its ruling on its determination that the search of the vehicle was a valid inventory search conducted pursuant to the arrest of Rogers, the denial of the motion to suppress was correct for the reasons set forth above.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2002.

*Kicklighter & Persse, Robert L. Persse*, for appellant.

---

[6] *State v. Foster*, 209 Ga. App. 143, 146 (433 SE2d 109) (1993).
[7] *United States v. Goldstein*, 635 F2d 356, 361-362 (5th Cir. 1981).
[8] *Donner v. State*, 191 Ga. App. 58, 60 (380 SE2d 732) (1989).
[9] *Benton v. State*, 240 Ga. App. 243, 245 (1) (522 SE2d 726) (1999).

*R. Joseph Martin III*, District Attorney, *Keith A. McIntyre*, Assistant District Attorney, for appellee.