## A03A1131. BAPTISTE v. THE STATE.
### (585 SE2d 92)

MILLER, Judge.

Daryl Baptiste pled guilty to two counts of aggravated assault and two counts of false imprisonment. Following sentencing, he appealed his conviction on various grounds (including ineffective assistance of trial counsel), which grounds this Court reviewed and found meritless. *Baptiste v. State*, 229 Ga. App. 691 (494 SE2d 530) (1997). Years later, Baptiste moved the trial court for an out-of-time appeal so he could assert entirely new grounds, which motion the court denied. He appeals the order denying his motion for out-of-time appeal. We affirm on the ground that an out-of-time appeal is not available where the defendant has already been afforded a direct appeal of his conviction.

The facts of this case are set forth in detail in the first appeal. See *Baptiste v. State*, supra, 229 Ga. App. at 691-693. We need only add that the State nolle prossed the charges in the first indictment against Baptiste and reindicted him on related charges prior to any evidentiary hearing and prior to the hearing at which he decided to plead guilty to some of the new charges. Due to the guilty plea, no trial ever commenced.

Baptiste claims that the trial court erred in denying his motion for out-of-time appeal. He desires to assert new grounds in a second appeal, including that his appellate counsel in his first appeal was ineffective when that counsel failed to (1) argue double jeopardy grounds and (2) challenge the indictment as defective.

The trial court did not err in denying Baptiste's motion for out-of-time appeal. "An out-of-time appeal is appropriate when a direct appeal *was not taken.*" (Citations and punctuation omitted; emphasis in original.) *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999).

> Clearly, a defendant cannot secure a timely direct appeal, wait for years, file a motion raising a new issue separate from the original appeal, and bootstrap such into another direct appeal by styling the motion as one for an "out-of-time appeal." When the issue is one that could not have been raised in the prior, *perfected* direct appeal, i.e., ineffective assistance of *appellate* counsel, a petition for Writ of Habeas Corpus is the proper vehicle to utilize for the development of a record and subsequent review of the substantive claim.

(Citation and footnote omitted; emphasis in original.) Id.; see *Boney v. State*, 245 Ga. App. 891 (1) (538 SE2d 791) (2000).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 11, 2003 —
RECONSIDERATION DISMISSED JULY 1, 2003.

Daryl Baptiste, *pro se.*
*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.