## A06A0967. THE STATE v. AIKEN.
### (636 SE2d 156)

ADAMS, Judge.

The appellee, Robert Travis Aiken, was indicted on two counts of sexual assault against a person in custody, OCGA § 16-6-5.1, and one count of violation of oath by a public officer, OCGA § 16-10-1. At the time the offenses allegedly occurred, Aiken was a state probation officer, and had been employed in that capacity for approximately 17 years.

Prior to the indictment being returned against him, Aiken was interviewed by an internal investigator with the special investigations unit of the Georgia Department of Corrections. Aiken had been instructed to attend the interview by the chief probation officer. Prior to being interviewed, Aiken was required to sign a document entitled "Notice of Interfering with On-Going Internal Investigation." That document provided:

> You are directed to not discuss your interview or any matter related to the subject of the interview with anyone other than a member of the Investigative Staff or the Legal Office of the Department of Corrections, unless you have received written permission from the Investigative Staff, until the investigation is completed. If you interfere with an on-going investigation in any manner, you will be subject to disciplinary action, including dismissal from employment. Discussing this investigation, including matters covered in your interview, (questions, answers or subject matter) with anyone other than a member of the Investigative Staff or Legal Office of the Department of Corrections is one method of interfering with an on-going investigation.

Aiken was not given *Miranda* warnings prior to the interview, and the investigator testified that he was not in custody and that he was free to leave at any time. During the interview, Aiken initially denied he had sexual contact with a probationer, but then admitted he had engaged in sexual misconduct and reduced his statement to writing. Aiken also testified that in addition to the "Notice of Interfering with On-Going Internal Investigation" he signed before the

interview, he was aware of the standard operating procedures that required him to comply with any investigations being conducted by the Department of Corrections, and that he thought he would be fired or disciplined in some manner if he did not cooperate. According to Aiken, he did not believe that he had any option other than to talk to the investigator, and to answer her questions.

After he was indicted, Aiken filed a motion to suppress his oral and written statements. The trial court granted his motion, finding that Aiken was "coerced into making self-incriminating statements during the internal investigation interview" and forbidden to seek the advice of counsel. The State appeals.

1. The State first argues that the trial court erred by finding that the statement was obtained in violation of Aiken's privilege against self-incrimination.

The controlling United States Supreme Court case regarding the use of potentially incriminating statements obtained from public employees is *Garrity v. New Jersey*, 385 U. S. 493 (87 SC 616, 17 LE2d 562) (1967). In *Garrity*, New Jersey police officers who were being investigated for alleged ticket fixing were given the choice of either exercising their Fifth Amendment privilege against self-incrimination, or losing their jobs under a New Jersey statute which required all public employees to cooperate with investigations or forfeit their positions. The officers cooperated, but in the subsequent prosecution moved to suppress their statements as involuntary and coerced. Although the New Jersey Supreme Court held that the officers' statements were admissible, the United States Supreme Court reversed, holding that statements obtained under threat of removal from public employment are compelled and thus may not be used in subsequent criminal proceedings. Id. at 499.

In *State v. Stinson*, 244 Ga. App. 622, 624 (536 SE2d 293) (2000) this Court explained the two lines of authority that have evolved from *Garrity*. Under the first line of authority, evolving from *United States v. Indorato*, 628 F2d 711 (1st Cir. 1980), "(1) the person being investigated is explicitly told that failure to waive his constitutional right against self-incrimination will result in his discharge from pubic employment . . . ; and (2) there is a statute or municipal ordinance mandating such procedure." (Citation omitted.) *State v. Stinson*, 244 Ga. App. at 624-625. Aiken acknowledges in his brief on appeal that he conceded at the motion to suppress hearing that his statements would not be excluded under this first line of authority because he was not explicitly advised that he would be terminated if he declined to be interviewed and there was no statute or ordinance mandating this procedure.

The question then is whether the statements were properly excluded applying the two-step analysis stemming from *United States v. Friedrick*, 842 F2d 382 (D.C. Cir. 1988). As we explained in *Stinson*,

> [i]n *Friedrick*, the D. C. Circuit held that statements should be excluded under *Garrity*, if (1) the defendant subjectively believes that he must answer questions or lose his job, and (2) this subjective belief is objectively reasonable. *Friedrick*, supra, 842 F2d at 395. Courts applying the *Friedrick* analysis emphasize that a subjective belief cannot be considered objectively reasonable unless it is based upon actions taken by the state. See, e.g., *United States v. Camacho*, 739 FSupp. 1504, 1515 (S.D. Fla. 1990). In other words, the state must play a role "in creating the impression that the refusal to give a statement will be met with termination of employment." *Colorado v. Sapp*, 934 P2d 1367, 1373 (Col. 1997).

*State v. Stinson*, 244 Ga. App. at 625.[1]

In this case, the trial court found that the language of the "Notice of Interfering with On-Going Internal Investigation" that Aiken was required to sign prior to his interview, "implies that [Aiken] was required to participate in the internal investigation or risk being subjected to disciplinary actions." The trial court went on to find that Aiken's failure to participate in the investigation would have been considered a failure to cooperate, thus subjecting him to termination from his job. The court concluded, therefore, that Aiken "by threat of dismissal, was coerced into signing the form, and thereafter made self-incriminating statements."

The State argues that we should apply a de novo standard in reviewing the trial court's grant of the motion to suppress, arguing that the trial court's ruling is not dependent on a finding of credibility since it is undisputed that the investigator had Aiken sign the "Notice of Interfering with On-Going Internal Investigation" prior to the interview and it is this form that is central to the trial court's ruling. We agree with the State that we would apply a de novo standard of review to this issue, which essentially goes to the issue of objective reasonableness. But the State further argues that the trial court erred in suppressing Aiken's statements because his testimony that

---

[1] The court in *Stinson* ultimately concluded that the trial court erred by applying *Garrity* to exclude the officer's statement under either the *Indorato* analysis, since there was no overt threat of termination, or the *Friedrick* analysis, since there was no evidence, in the absence of testimony by the defendant, that he subjectively believed he would be terminated. *State v. Stinson*, 244 Ga. App. at 625.

he believed that he had no choice but to cooperate was not credible due to inconsistencies and contradictions in his testimony. Clearly, this would involve a determination of credibility by the trial court, and would be subject to the "clearly erroneous standard."

When reviewing a trial court's order on a motion to suppress, where some facts are contested and some are not, this Court views the contested facts under the clearly erroneous standard, while review of the application of law to the uncontested facts is de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994); *Swan v. State*, 257 Ga. App. 704, 705 (572 SE2d 64) (2002).

*State v. Graddy*, 262 Ga. App. 98 (1) (585 SE2d 147) (2003). *State v. Sledge*, 264 Ga. App. 612, 613 (591 SE2d 479) (2003).

Although the trial court did not use the words "subjective belief" or "objectively reasonable" in finding that Aiken's statements should be suppressed, those findings are implicit in the trial court's order. Thus, to the extent that the trial court made a credibility determination based on Aiken's testimony at the motion to suppress hearing concerning his subjective belief that he would be fired or disciplined if he did not cooperate with the investigation, we uphold that finding under the clearly erroneous standard.

The question then is whether Aiken's subjective belief that he would be terminated if he failed to cooperate in the investigation was objectively reasonable. The trial court found that it was, finding that the "Notice of Interfering with On-Going Internal Investigation" document Aiken was required to sign prior to the interview implied that Aiken was required to participate in the internal investigation. Thus, the court concluded that Aiken was coerced into making self-incriminating statements during the internal investigation interview by the threat of dismissal. We agree that the circumstances surrounding the interview, including requiring Aiken to sign the Notice of Interfering with On-Going Internal Investigation immediately prior to the interview, constituted sufficient action by the Department to provide an objectively reasonable basis for Aiken's belief that his failure to cooperate could result in termination from employment. The trial court's grant of the motion to suppress the evidence of Aiken's statements is accordingly affirmed.

2. In light of our holding in Division 1, it is unnecessary for us to address the State's second enumeration of error.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 1, 2006 — ■

Before Judge McWhorter, Senior Judge.

*W. Kendall Wynne, Jr., District Attorney, Stephen L. Coxen, Assistant District Attorney*, for appellant.
*John L. Strauss*, for appellee.