## A07A2059. THOMAS v. THE STATE.
(657 SE2d 247)

PHIPPS, Judge.

After observing a traffic violation, Cobb County police officer Jeffrey Barbeau stopped Shawn Thomas's car and subsequently searched it, discovering cocaine and a gun. Barbeau also found marijuana in Thomas's pocket. As a result, Thomas was indicted for trafficking cocaine, possessing marijuana, possessing a firearm during the commission of a crime, and possessing a firearm as a convicted felon. Thomas was convicted of all charges at a stipulated bench trial. On appeal, Thomas challenges the denial of his motion to suppress and claims that Barbeau lacked probable cause to arrest him without a warrant. He does not, however, appeal his conviction for possessing marijuana. We conclude that the trial court was authorized to deny Thomas's motion to suppress the items seized from his car.

When reviewing a trial court's order concerning a motion to suppress, we accept the trial court's findings as to disputed facts unless clearly erroneous.[1] But we review the application of law to uncontested facts de novo.[2]

At the motion to suppress hearing, Barbeau testified that in October 2005, between 8:00 and 9:00 p.m., he was working in a "high drug area." He observed a man reaching into the window of a car that was stopped in the middle of the roadway with its engine running and its brake lights visible. When the car's driver and the man standing outside the car saw Barbeau approach in his patrol car, they hurriedly left. Although Barbeau admitted that he could not see what they were doing in the car, he testified that he thought it was a drug transaction, and therefore pursued the car. While in pursuit, Barbeau noticed that the license plate was illegally covered with plastic. He then initiated a traffic stop and approached the driver, whom he identified as Thomas.

Barbeau testified that Thomas's eyes were extremely dilated, which, according to Barbeau, "is indicative of being on a central nervous system stimulant." For that reason, Barbeau asked Thomas for consent to search the car, but Thomas refused. Barbeau then obtained Thomas's driver's license and returned to his car to issue Thomas a ticket for covering his license plate with plastic.[3] While doing so, he called for assistance from a canine unit because he

---

[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[2] Id.; *State v. Aiken*, 281 Ga. App. 415, 418 (1) (636 SE2d 156) (2006), aff'd, 282 Ga. 132 (646 SE2d 222) (2007).

[3] See OCGA § 40-2-6.1 (any person who wilfully covers a license plate with plastic or other material to impede the ability of surveillance equipment to obtain a clear image of the license plate is guilty of a misdemeanor).

believed drugs were in Thomas's car. When the canine unit arrived approximately ten minutes later, Barbeau informed Thomas that they would conduct an open air inspection around the car. For officer safety, Barbeau asked Thomas to exit the car during the search.

Before the open air search began, Barbeau asked Thomas if he could check his pockets. In response, Thomas turned around and put his hands on the car. Barbeau proceeded to pat Thomas's body and felt a "squishy object" in his left front pocket. Barbeau removed the object, which he determined "was suspected marijuana in a plastic baggie." Barbeau then handcuffed Thomas, and, before he put him in the patrol car, Thomas stated that there was "a bag of dope in the front and [a] gun under the driver's seat." Barbeau did not recall if Thomas made this statement before or after the canine unit began walking around the car. The canine unit's search ultimately revealed a bag of cocaine in the front seat and a loaded gun under the driver's seat.

At trial, the parties stipulated that the car contained 49.71 grams of cocaine, which was 56 percent pure; a small bag of marijuana, which weighed less than an ounce; and an automatic pistol. They further stipulated that Thomas was a convicted felon.

Thomas claims that Barbeau lacked probable cause to arrest him without a warrant. He argues that the only support for his arrest was Barbeau's belief that because he was in a "high drug area" and someone reached into his stopped car, a drug transaction had occurred. Although Thomas is correct that stopping a car in a "high drug area" does not alone constitute a justification for a brief detention,[4] other factors support his detention.

Barbeau's observation that Thomas's car tag was covered in plastic in violation of OCGA § 40-2-6.1 made the traffic stop valid.[5] And "[w]hen an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop."[6] Further, once the car was legally stopped, Barbeau could ask for Thomas's consent to search the car.[7] "No additional probable cause or articulable suspicion was required to simply ask the question."[8]

Even though Thomas refused to consent to a search of his car, because he was validly detained for only about ten minutes while Barbeau was writing him a ticket, Barbeau "was free to have the handler walk the dog around the car, as use of a trained drug detection dog, in a location where he is entitled to be, to sniff the

---

[4] *State v. Kwiatkowski*, 238 Ga. App. 390, 393 (519 SE2d 43) (1999).

[5] *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000).

[6] Id. (citation and punctuation omitted).

[7] *State v. Millsap*, 243 Ga. App. 519, 520 (528 SE2d 865) (2000).

[8] Id. (citation omitted).

exterior of a container, is not an unreasonable search."[9] A drug dog's sniffing of the exterior of a car does not constitute a search under the Fourth Amendment.[10] A police officer therefore does not need reasonable and articulable suspicion before using a canine trained in drug detection to sniff a car's exterior.[11]

It is not clear from the record whether the officers searched the car based on Thomas's statement regarding the location of the drugs and the gun or the actions of the drug dog.[12] Regardless, Thomas does not challenge the search itself.

We conclude that the trial court was authorized to deny Thomas's motion to suppress the items seized from his car. Because Thomas did not appeal his conviction for marijuana possession, we need not address the legality of Barbeau's pat-down of Thomas or the removal of the marijuana from his pocket.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 9, 2008 

*Alvis M. Moore*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.

---

[9] *Rogers v. State*, 253 Ga. App. 863, 864 (1) (560 SE2d 742) (2002) (citation and punctuation omitted).

[10] Id.

[11] Id.

[12] See id. at 865 (once drug dog alerted on exterior of car, officers had probable cause to believe that car contained contraband and had authority to search its contents).