**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 30, 2012**

# In the Court of Appeals of Georgia

A12A1442. BECOATS v. THE STATE.

BRANCH, Judge.

Following a bench trial, Phyllip Jerrod Becoats was convicted of trafficking in cocaine, possession of marijuana, and failure to maintain his lane. During the sentencing phase of trial, the State introduced certified copies of Becoats's four prior felony convictions, and the trial court sentenced him as a recidivist pursuant to OCGA § 17-10-7. Becoats then appealed his convictions, asserting as his sole claim of error the trial court's denial of his motion to suppress evidence seized during a traffic stop of his vehicle. See *Becoats v. State*, 301 Ga. App. 768 (688 SE2d 686) (2009). This Court found no error and affirmed. Id.

Following remittitur of his case to the trial court, Becoats filed his first pro se motion for modification of his sentence in March 2010, arguing that the lower court

erred in sentencing him as a recidivist. The trial court denied this motion in April 2010. In October 2011 Becoats filed his second pro se motion for modification of his sentence. Becoats again asserted that the court below erred in sentencing him as a recidivist, and he also asserted, for the first time, that he had received ineffective assistance of trial and appellate counsel. The court denied Becoats's motion, and he now appeals from that order. We find no error and affirm.

1. In his first two enumerations of error, Becoats asserts that he received ineffective assistance of counsel, both at trial and on the direct appeal of his conviction. Becoats, however, is procedurally barred from asserting his ineffective assistance of counsel claims by way of a motion seeking a sentence modification.

It is well established that a claim for ineffective assistance of trial counsel "must be raised at the earliest practicable moment" following a defendant's conviction. (Citation, punctuation and footnote omitted.) *Chapman v. State*, 279 Ga. App. 200, 206 (3) (630 SE2d 810) (2006). This rule requires that an ineffective assistance claim be raised before an appeal of the defendant's conviction, "if the opportunity to do so is available[.]" *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). Our Supreme Court has held that the ability to raise a claim for ineffective assistance by way of a motion for new trial "represents such an opportunity[.]" Id. Thus, if a

2

defendant "fail[s] to seize that opportunity," either by declining to raise the ineffectiveness claim as part of his new trial motion or by failing entirely to file such a motion, he is procedurally barred from "raising the issue at a later time." (Footnote omitted.) Id. See also *Carter v. State*, 275 Ga. App. 846-847 (2) (622 SE2d 60) (2005) (a defendant "must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review, and request an evidentiary hearing if the claim involve[s] matters outside the record") (citations omitted).

Additionally, a defendant cannot resuscitate his procedurally-barred claims for ineffective assistance of trial counsel "by bootstrapping them to a claim of ineffectiveness of appellate counsel[,]" as Becoats attempts to do here. (Punctuation and footnote omitted.) *Mullins v. State*, 267 Ga. App. 393, 399 (5) (599 SE2d 340) (2004). See also *Wilson v. State*, 286 Ga. 141, 145 (4) (686 SE2d 104) (2009) ("claims of ineffective assistance of appellate counsel may not be used to camouflage issues that should have been raised in a motion for new trial[,]" because "to allow substantive review of such claims would be to promote serial appellate proceedings.") (citations and punctuation omitted). Instead, Becoats may pursue his claims for ineffective assistance of both trial and appellate counsel only in the context of a

habeas corpus proceeding. Id. See also *Baptiste v. State*, 262 Ga. App. 71 (585 SE2d 92) (2003).

2. The trial court sentenced Becoats as a recidivist pursuant to OCGA § 17-10-7 (c), which provides in relevant part:

> any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

During the sentencing phase of trial, the State introduced evidence of Becoats's four prior felony convictions. Three of those convictions were entered on November 16, 1999. The record shows that on that day, Becoats pled guilty in Cobb County Superior Court to theft by receiving and possession of a firearm by a convicted felon. That same day, the Cobb County court revoked Becoats's probation as to a charge of possession of cocaine, to which he had pled guilty in 1996.

Becoats argues that because they were entered on the same day, by the same court, and resulted in identical sentences to run concurrently, these three convictions must be viewed collectively as a single conviction for purposes of determining

whether he should be sentenced as a recidivist. In support of this argument, Becoats relies on subsection (d) of the recidivist statute, which provides that "conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." OCGA § 17-10-7 (d). We disagree.

The record shows that each of the offenses which resulted in the convictions at issue was committed at different times and that each was indicted separately, by different grand juries.[1] Additionally, the trial court entered separate sentencing orders in each of the three cases. Where a defendant is charged for separate crimes, arising out of separate incidents, and is sentenced for each crime in a separate order, those offenses are not considered "consolidated" under OCGA § 17-10-7 (d). *Baker v. State*, 306 Ga. App. 99, 103 (2) (701 SE2d 572) (2010). And this is true even where, as here, the sentences were entered on the same day and were to run concurrently. Id. (even though defendant "entered the guilty pleas and received the orders of sentence on the three convictions in a single day, and . . . the sentences imposed the same amount of

---

[1] The possession of cocaine occurred in August 1995 and Becoats was indicted in November 1995. The charge of theft by receiving resulted from an incident occurring on May 6, 1999, and he was indicted on this charge in July 1999. The possession of a firearm occurred on December 10, 1998, and he was indicted on April 1, 1999.

5

time served for each conviction," his convictions were not "'consolidated for trial' within the meaning of the recidivist statute") (footnote omitted). See also *Philmore v. State*, 263 Ga. 67, 69 (6) (428 SE2d 329) (1993) (where defendant's three prior convictions resulted from separate indictments, with a separate order of sentence entered on each indictment, "the fact that the sentences were entered on the same day and that the sentences . . . ran concurrent[ly] . . . does not require the conclusion that the three prior convictions had been 'consolidated for trial' within the meaning of" the recidivist statute) (citations omitted); *Self v. State*, 288 Ga. App. 77, 79 (2) (653 SE2d 787) (2007). Accordingly, the trial court did not err either in sentencing Becoats as a recidivist or in refusing to modify his sentence.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*