# Court of Appeals
# of the State of Georgia

ATLANTA, March 07, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1151. SAMORIAL L. HURST v. THE STATE.

In 1999, a jury convicted Samorial Hurst of two counts of armed robbery. He was sentenced to life without parole as a recidivist under OCGA § 17-10-7 because he was convicted of three prior felonies. We affirmed his convictions on appeal. See *Hurst v. State*, 260 Ga. App. 708 (580 SE2d 666) (2003). In 2014, Hurst filed a "Motion to Correct Void Sentence" alleging he was improperly sentenced pursuant to OCGA § 17-10-7, which the trial court denied. We dismissed his appeal as untimely. See *Hurst v. State*, A17A0135 (Sept. 8, 2016). In 2017, Hurst filed a "Motion to Vacate Void Sentence" again alleging that he was improperly sentenced as a recidivist. The trial court denied the motion on November 7, 2017, and he filed this direct appeal on December 28, 2017. We, however, lack jurisdiction for three reasons.

First, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Hurst's notice of appeal, filed 51 days after entry of the order he seeks to appeal, is untimely.

Second, even if his appeal was timely, Hurst has failed to raise a colorable void sentence claim. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises

a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Hurst argued that two of his prior convictions were consolidated into one conviction under OCGA § 17-10-7 (d) because he was sentenced to concurrent sentences on the same day in the same order. However, the record shows that Hurst was indicted separately for offenses that occurred on different dates. Although two of his sentences were made concurrent, they were made by separate order. When "a defendant is charged for separate crimes, arising out of separate incidents, and is sentenced for each crime in a separate order, those offenses are not considered 'consolidated' under OCGA § 17-10-7 (d)." *Becoats v. State*, 318 Ga. App. 262, 264 (2) (733 SE2d 795) (2012) (citation omitted).

A trial court can sentence a recidivist defendant to life imprisonment without the possibility of parole for armed robbery. OCGA § 17-10-7 (b). Thus, Hurst's sentence of life in prison is not more severe than the law allows, and it is not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).

Third, Hurst argues that the trial court lacked subject matter jurisdiction due to problems with his indictments. This argument challenges the validity of his convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper*, 286 Ga. at 218 (1), and any appeal from an order denying such a motion must be dismissed, see id. at 218 (2).

For the reasons stated above, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__03/07/2018_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*