# Court of Appeals
# of the State of Georgia

ATLANTA,  December 15, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0701. JAMES W. HOOD v. THE STATE.**

In 2011, James Hood entered negotiated guilty pleas to one count each of child molestation and statutory rape. After this Court vacated Hood's sentence for the child molestation conviction, see *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017), he withdrew his guilty plea to that charge, see *Hood v. State*, 351 Ga. App. 665, 665-666 (832 SE2d 652) (2019), and the trial court granted the State's motion for an order of nolle prosequi as to that charge in September 2019.

In June 2020, Hood filed a "Motion for Ineffective Assistance of Counsel," in which he contended that his appellate counsel rendered ineffective assistance in a prior appeal by failing to challenge the trial court's denial of his request to withdraw his guilty plea to statutory rape. The trial court denied the motion, and this appeal followed. We lack jurisdiction.

Regardless of its nomenclature, Hood's June 2020 motion essentially seeks to vacate his judgment of conviction. However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."[1] *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a petition or motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

---

[1] A petition for a writ of habeas corpus is the proper vehicle for raising an issue that could not have been raised in a prior appeal, such as a claim of ineffective assistance of appellate counsel. *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003); *Baptiste v. State*, 262 Ga. App. 71, 71 (585 SE2d 92) (2003).

Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   12/15/2020*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*